## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FELICIA DAVIS-PEARSON : 
5604 Arlington Street : CIVIL ACTION
Philadelphia, PA 19131 : 
  : NO.: _____
        Plaintiff, : 
  : 
v. : 
  : 
PUBLIC HEALTH MANAGEMENT : 
CORPORATION : 
1500 Market Street : **JURY TRIAL DEMANDED**
Philadelphia, PA 19102 : 
  : 
        Defendant. : 
  : 

## CIVIL ACTION COMPLAINT

Felicia Davis-Pearson (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Public Health Management Corporation (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et. seq.), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 et seq.), the Philadelphia Fair Practices Ordinance ("PFPO"), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PFPO and PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

**JURISDICTION AND VENUE**

2.    This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.    Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6.    The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.    Plaintiff is an adult who resides at the above-captioned address.

2

8.      Public Health Management Corporation is a nonprofit corporation that creates and sustains healthier communities through strategic partnerships with government, foundations, businesses and community-based organizations, and is located at the above-captioned address.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11.      Plaintiff was employed with Defendant for approximately 8 years, from on or about September 19, 2017, until her unlawful termination (discussed further *infra*) on or about July 8, 2025.

12.      Plaintiff held the position of Medical Assistant during the entirety of her employment with Defendant.

13.      Plaintiff was primarily supervised by Practice Manager, Aaliyah Wimbush (age 40s, hereinafter "Winbush"), Practice Manager, Khary Seldon (age 30s, hereinafter "Seldon"), and Lead Medical Assistant, Chantee Dyer (age 30s, hereinafter "Dyer").  Plaintiff was generally supervised by Director of Nursing, Chanel Hart (age 40s, hereinafter "Hart"), Deputy Sheriff, Brenda Noel (age 30s, hereinafter "Noel"), and Lead Referral Coordinator, Kimberly Bunch (age 40s, hereinafter "Bunch").

14.      Throughout Plaintiff's employment with Defendant, Plaintiff was a hard-working employee who performed her job well.

15.      Plaintiff is a 54-year-old adult female, with disabilities, and throughout the last few years of her employment with Defendant, she was subjected to discrimination, a hostile work environment, and retaliation as a result of her age and her serious health conditions.

3

16.    Plaintiff has and continues to suffer from ADA-qualifying health conditions, including but not limited to hypertension, migraines, anxiety, depression, and gastrointestinal issues (among other complications/conditions).

17.    As a result of her aforesaid health conditions, Plaintiff sometimes suffers from stomach issues, panic, feelings of hopelessness, and pain, which (at times) limits her ability to perform some daily life activities, such as sleeping, eating, and working (among other daily life activities).

18.    Despite Plaintiff's aforesaid disabilities and limitations, Plaintiff was able to perform her job duties well; however, Plaintiff (at times) required some reasonable medical accommodations.

19.    For example, beginning in or about 2023, Plaintiff applied/was approved for intermittent FMLA leave and continued to utilize the same leading up to her termination.

20.    However, Defendant's management and/or supervisors, including but not limited to Seldon, Dyer, and Bunch, exhibited extreme frustration with her health conditions and need for medical accommodations.  By way of example, but not intended to be an exhaustive list:

a.    Seldon and Wimbush regularly shared Plaintiff's personal medical information with Dyer for no legitimate reason in violation of the ADA, with Dyer mocking Plaintiff on at least one occasion, stating "I heard you had the shits again";

b.    Seldon frequently assigned Plaintiff to cover a location approximately an hour and a half away from Plaintiff, despite that other employees were available;

c.    Plaintiff was frequently denied lunch breaks by Seldon;

d.    Dyer frequently mocked Plaintiff in front of colleagues and patients;

e.    Dyer referred to Plaintiff as completely incompetent to one of her fellow Medical Assistants, Ashley Glover (age 30s, hereinafter "Glover"), and falsely blamed

Plaintiff for the lab often being out of supplies, while also stating, "We need to work on getting Felicia terminated from [Defendant]";

f.  Bunch, Glover, and Dyer made constant belittling and derogatory comments to Plaintiff and about her;

g.  Management pressured Plaintiff to repeatedly disclose sensitive personal medical information to justify her absences despite that she had been approved for FMLA leave;

h.  Plaintiff was repeatedly referred to as someone who "calls out all the time"; and

i.  Dyer bragged about how she was able to access Plaintiff's personal medical chart at work and informed Plaintiff that she knew about Plaintiff's medical diagnoses and her exact age, which is a HIPAA/privacy violation (a terminable offense within Defendant).

21.    Toward the last few years of her employment with Defendant, Plaintiff was also subjected to derogatory age-related comments and disparate treatment because of her age, including but not limited to:

a.  Dyer making daily age-related comments, such as Plaintiff being "too old to administer vaccines to young children," despite her extensive experience;

b.  Dyer repeatedly, condescendingly asked Plaintiff "how old are you anyway?" until she was able to find Plaintiff's age in her personal medical chart (discussed *supra*);

c.  When Plaintiff asked Dyer for assistance or training for job-related tasks, she hostilely advised Plaintiff, "I'm not in the hand-holding business," but routinely assisted Plaintiff's far younger co-workers (age 20s and 30s) without issue; and

d.  Dyer mocked Plaintiff in front of employees and co-workers unlike her far younger co-workers.

5

22.    The foregoing instances of discrimination and animosity created such an oppressively stressful and hostile work environment that Plaintiff suffered from flare-ups of her aforesaid health conditions, including an intense fear of retaliation and termination.

23.    As a result of the flare-up of her aforesaid health conditions, Plaintiff required additional doctors' visits and treatment, including therapy for her mental health conditions.

24.    Plaintiff also repeatedly, verbally and in writing complained to multiple levels of leadership, including but not limited to Noel, Hart, HR, and Assistant Director of Physicians at Health Connects, Asia Kemp (hereinafter "Kemp"), specifically outlining the aforementioned instances of discrimination, hostility, and retaliation and requesting that her concerns be addressed and investigated, without success.

25.    Plaintiff must have complained no fewer than 5 to 10 times during her last full year of employment with Defendant.

26.    Instead of properly investigating or addressing her aforesaid complaints of discrimination, retaliation, and hostile work environment, Plaintiff was subjected to increased hostility, animosity, and disparate treatment.

27.    Plaintiff even requested the ability to transfer away from Dyer, Glover, Bunch, and others no fewer than 3 times in the two years leading up to her termination, but her requests were largely ignored – with management simply stating they would follow-up with her, which they never did.

28.    Plaintiff was then abruptly terminated, on or about July 8, 2025, for completely pretextual reasons – allegedly violating Defendant's honesty policy for reporting that she believed Dyer had been sitting in the dark waiting for her with the alarm on (against policy) in the facility when she arrived early one morning.

29.    Defendant's reason for Plaintiff's termination is completely false and pretextual because:  (1) Plaintiff had been a hard-working employee during her tenure with Plaintiff, who routinely followed policy; (2) Plaintiff never saw Dyer enter the building despite being out front, and she then appeared from the back, leading Plaintiff to believe that she had been waiting in the dark with the alarm off (which Plaintiff disabled upon entering); (3) Plaintiff was terminated in close proximity to her most recent complaints of discrimination, retaliation, and hostile work environment; (4) Plaintiff was terminated in close proximity to her requests for/utilization of reasonable medical accommodations (*i.e.,* time off from work for flare-ups and doctor appointments); and (5) younger and/or non-disabled employees, such as Dyer (and others), who committed far worse infractions than Plaintiff (such as Dyer accessing Plaintiff's personal medical chart at work – a HIPAA violation) were not disciplined much less terminated for the same.

30.    There is no doubt that Plaintiff was terminated directly because of her aforesaid health conditions and her requested medical accommodation(s), as well as her age.

31.    Defendant failed to properly accommodate Plaintiff by issuing her pretextual and/or manufactured discipline and penalizing her for utilizing reasonable accommodations (*i.e.*, medical leave) and then utilizing the same as a means to terminate her.

32.    Upon information and belief, after Plaintiff was terminated, her work for Defendant has been performed by younger, less experienced, non-disabled individuals who do not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant.

33.    Thus, Plaintiff believes and avers that she was subjected to discrimination, a hostile work environment, retaliation, and ultimately terminated because of (1) her age; (2) her known and/or perceived disabilities; (3) her record of impairment; (4) her requested accommodations (discussed *supra*); and (5) Defendant's failure to properly accommodate Plaintiff's health conditions (set forth *supra*).

34.     Plaintiff also believes and therefore avers that her age and disabilities were motivating and/or determinative factors in the termination of her employment by Defendant.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

37.     Plaintiff kept Defendant's management informed of her serious medical conditions and need for medical treatment and other accommodations.

38.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require some reasonable medical accommodations at times.

39.     Plaintiff requested reasonable medical accommodations from Defendant, including but not limited to intermittent and/or block medical leave.

40.     However, Defendant's management subjected Plaintiff to a hostile work environment, through disparate treatment, pretextual discipline, and animosity as a result of her health conditions and requested accommodations.

41.     Plaintiff objected to the aforementioned instances of disability discrimination and disparate treatment by Defendant's management on multiple occasions, but her concerns were ignored, and Defendant's management continued to subject her to hostility, animosity, and disparate treatment because of her advanced disabilities and/or reasonable medical accommodations.

42.     Plaintiff was then terminated from her employment with Defendant, on or about July 8, 2025, in very close proximity to her request for/utilization of reasonable medical accommodations (set forth *supra*) and her complaints of unfair treatment as a result of the same as well as her disabilities.

43.     Defendant failed to properly accommodate Plaintiff by issuing her pretextual and/or manufactured discipline and penalizing her for utilizing reasonable accommodations (*i.e.*, medical leave) and then utilizing the same as a means to terminate her.

44.     Thus, Plaintiff believes and avers that she was subjected to discrimination, a hostile work environment, retaliation, and ultimately terminated because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations (discussed *supra*); and (4) Defendant's failure to properly accommodate Plaintiff's health conditions (set forth *supra*).

45.     Plaintiff also believes and therefore avers that her disabilities were motivating and/or determinative factors in the termination of her employment by Defendant.

46.     These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**([1] Interference & [1] Retaliation)**

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

49.     Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

50.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or

9

more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

51.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

52.    Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3) terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; and (4) engaging in conduct which discouraged Plaintiff from exercising her FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave.

53.    These actions as aforesaid constitute violations of the FMLA.

## COUNT III
## Violations of the Age Discrimination in Employment Act ("ADEA")
### ([1] Age Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

54.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55.    Plaintiff was treated disparately with respect to policies and termination contrary to individuals substantially younger than her.

56.    Plaintiff objected to the aforementioned instances of age discrimination and disparate treatment by Defendant's management on multiple occasions, but her concerns were ignored, and Defendant's management continued to subject her to hostility, animosity, and disparate treatment because of her advanced age.

57.    Plaintiff objected to the aforementioned instances of age discrimination and disparate treatment by Defendant's management on multiple occasions, but her concerns were

ignored, and Defendant's management continued to subject her to hostility, animosity, and disparate treatment because of her age.

58.    Plaintiff was abruptly terminated on or about July 8, 2025, for completely pretextual reasons.

59.    Upon information and belief, after Plaintiff was terminated, her work for Defendant has been performed by younger, less experienced individuals who do not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant.

60.    Therefore, Plaintiff believes and avers her termination was completely pretextual and that she was really terminated because of her advanced age and her expressed objections to/complaints of age discrimination.

61.    These actions as aforesaid constitute unlawful age discrimination, a hostile work environment, and retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (Attn. No. 91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com

Dated: August 7, 2026

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Felicia Davis-Pearson | : | CIVIL ACTION |
| v. | : | |
| Public Health Management Corporation | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x )

| | | |
|---|---|---|
| 8/7/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

- ☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐  2.  FELA
- ☐  3.  Jones Act-Personal Injury
- ☐  4.  Antitrust
- ☐  5.  Wage and Hour Class Action/Collective Action
- ☐  6.  Patent
- ☐  7.  Copyright/Trademark
- ☐  8.  Employment
- ☐  9.  Labor-Management Relations
- ☒  10. Civil Rights
- ☐  11. Habeas Corpus
- ☐  12. Securities Cases
- ☐  13. Social Security Review Cases
- ☐  14. Qui Tam Cases
- ☐  15. Cases Seeking Systemic Relief  ***see certification below***
- ☐  16. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

- ☐  1.  Insurance Contract and Other Contracts
- ☐  2.  Airplane Personal Injury
- ☐  3.  Assault, Defamation
- ☐  4.  Marine Personal Injury
- ☐  5.  Motor Vehicle Personal Injury
- ☐  6.  Other Personal Injury *(Please specify)*:_____
- ☐  7.  Products Liability
- ☐  8.  All Other Diversity Cases: *(Please specify)*_____
      _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DAVIS-PEARSON, FELICIA | PUBLIC HEALTH MANAGEMENT CORPORATION |

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 690 Other | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** ☐ 710 Fair Labor Standards Act | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101), FMLA (29USC2601); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, FMLA, ADEA, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    8/7/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____